
RECEIVED
IN MONROE, LA

JAN 0 3 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ROY SHELLING | CIVIL ACTION NO. 05-0248 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MONROE CITY SCHOOL BOARD | MAG. JUDGE JAMES D. KIRK |

# RULING

This action by Plaintiff Roy Shelling ("Shelling") against the Monroe City School Board ("the School Board"), arises out of Shelling's application for the position of principal at Wossman High School ("Wossman"). Shelling brought suit pursuant to 42 U.S.C. § 1983, contending that the School Board violated his due process rights under the Fourteenth Amendment to the United States Constitution by selecting a non-certified applicant for the position.

On October 4, 2005, the School Board filed a Motion for Summary Judgment [Doc. No. 10] seeking dismissal of Shelling's case on the basis that no federal subject matter jurisdiction exists, and, alternatively, that Shelling has failed to state a claim as a matter of law.

On October 19, 2005, Shelling filed an opposition memorandum [Doc. No. 13].

On November 15, 2005, the School Board obtained leave of Court to file a reply memorandum [Doc. No. 19].

For the following reasons, the School Board's Motion for Summary Judgment is GRANTED.

I.  FACTS

Shelling was formerly employed as a principal by the School Board. However, he retired in 2002.

In April 2004, Shelling applied for the principal position at Wossman in the Monroe City School District.

On July 8, 2004, the School Board's selection committee ("the committee") interviewed Shelling and three other applicants: James Benton, Anthony Tisdale, and Sam Moore. Following the interviews, James Benton withdrew his application, and Anthony Tisdale accepted a position elsewhere. Only Shelling and Sam Moore ("Moore") continued to seek the Wossman principal position.

Shelling is certified for employment as a secondary school principal. At the time of the interviews, Moore was certified as a school counselor, but was not certified as a secondary school principal.[1]

The School Board Superintendent, Dr. George Cannon ("Cannon"), recommended Moore for the Wossman principal position. The committee accepted Cannon's recommendation and selected Moore.

II.  LAW AND ANALYSIS

A.  **Motions for Summary Judgment**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no

---

[1] Moore was in the process of obtaining his certification and became certified prior to the 2004-2005 school year.

2

genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Shelling's Due Process Claim

Shelling's due process complaint is grounded in 42 U.S.C. § 1983. He charges that the School Board deprived him of the right to due process of law by selecting a candidate who was not certified to serve as a secondary school principal when Shelling, the only other candidate, was properly certified.

3

The School Board has moved for summary judgment on the basis that there is no federal question jurisdiction in this case.[2] The School Board contends that Shelling had no property interest in the principal position at Wossman and thus he was not deprived of due process rights when Moore was selected for the position.[3]

Shelling cites a Louisiana appellate court case, *Graham v. St. Landry Par. Sch. Bd.*, No. 96,904 (La. App. 3 Cir. 02/05/97); 689 So.2d 595, for the proposition that "a certified teacher applicant [has] a property interest in employment when the only other applicant is a non-certified teacher." Because of his asserted property interest, Shelling contends that the School Board could select Moore only if it had a rational basis for rejecting Shelling and its decision was supported by substantial evidence.

The Supreme Court has explained that in order for a person to have a property interest, he must "have a legitimate claim of entitlement to [the benefit he seeks] . . . Property interests, of course, are not created by the Constitution. Rather they . . . stem from an independent source such as state law." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

---

[2] Because the parties are not diverse, the Court does not have subject matter jurisdiction pursuant to 42 U.S.C. § 1332. Therefore, pursuant to 42 U.S.C. § 1331, the Court has subject matter jurisdiction only if Shelling's claims raise a federal question.

[3] The School Board also argues that Shelling had no liberty interest in the principal position and that, as a non-employee, he had no cause of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* In his Complaint, Shelling asserts that the Court has jurisdiction under Title VII, but does not cite any facts to support a Title VII claim. Similarly, Shelling mentions the Equal Protection Clause in his Complaint, but does not cite any facts supporting this claim either. He has never asserted in his Complaint or opposition memorandum that he had a liberty interest in obtaining the principal position. In his opposition memorandum, Shelling argued only that he had a property interest in the principal position entitling him to due process rights. Accordingly, the Court deems any Title VII and Equal Protection arguments abandoned and limits its analysis to whether Shelling has a due process claim.

However, "federal constitutional law determines whether [an interest under state law] rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Memphis Light Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978) (internal quotation marks and citation omitted).

In Louisiana, "[a] property interest in government employment may arise from state law or out of contract." *Smith v. Ouachita Par. Sch. Bd.*, No. 29873-CA (La. Ct. App. 2 Cir. 9/24/1997); 702 So.2d 727, 734 (citing *Cabrol v. Town of Youngsville*, 106 F.3d 101, 105 (5th Cir. 1997)). Shelling had no contract entitling him to the principal position at Wossman, so he could only proceed with his due process claim if he had a property interest in the position under state law. Louisiana has a Teacher Tenure Law, La. Rev. Stat. 17:441-446, which was "[e]nacted to protect educators from political reprisals." *Smith*, 702 So.2d at 730 (citing *Rousselle v. Plaquemines Par. Sch. Bd.*, 93-1916 (La. 2/28/1994), 633 So.2d 1235, 1241). However, neither the Teacher Tenure Law, the case cited by Shelling, nor any other state law in the Court's review entitles Shelling to due process protection.

First, the Teacher Tenure Law prevents tenured educators, such as Shelling, from being terminated without due process of law. It does not offer constitutionally protected due process rights to retired educators who seek to apply for a position within the school system following retirement.

Second, the *Graham* case cited by Shelling is inapplicable. In that case, the plaintiff was a certified teacher who had been employed by the St. Landry Parish School Board for 17 years when he took a one-year sabbatical leave and then took disability retirement. 689 So. 2d at 597. One year after his retirement, Graham was medically certified to return to teaching and was re-hired by the school board to substitute for another teacher who was on a sabbatical leave. *Id.*

5

The following year, Graham applied for a permanent teaching position. *Id.* He was not selected for the permanent position in favor of a non-certified teacher. *Id.*

Graham filed suit against the school board under 42 U.S.C. § 1983 for failure to hire in accordance with its established policy of employing non-certified teachers only if certified teachers were not available. *Id.* After a bench trial, the district court ruled that Graham did not have a cause of action under § 1983. *Id.* The Louisiana Third Circuit Court of Appeals reversed, finding that the school board's failure to select Graham for a permanent position was a result of its official policy and that Graham was subjected to a constitutional deprivation of his property interest in continued employment by this policy. *Id.* at 601. The Louisiana Third Circuit explained that Graham had a legitimate expectation that he would continue to be employed as long as there were positions which were not filled by certified teachers. "In hiring non-certified teachers but not hiring Graham, a certified teacher, the Board deprived Graham of a property right to which he had a legitimate expectation. As such, the Board was required to afford him due process." *Id.*

In this case, however, Shelling did not have any legitimate expectation of continued employment *because he was not an employee of the School Board.* Shelling simply could not have a property interest in employment when he was a retiree. Accordingly, there is no federal question for the Court to address, and the Court lacks subject matter jurisdiction to review Shelling's claims.

### III. CONCLUSION

For the foregoing reasons, the School Board's Motion for Summary Judgment [Doc. No.

10] is GRANTED, and Shelling's claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this \_\_\_3\_\_\_ day of \_\_\_January\_\_\_, 2006.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE